## Barclay's Trustee, et al. v. Commonwealth, By, et al.

### (Decided December 16, 1913).

### Appeal from Fayette Circuit Court.

1. Taxation—Inheritance Taxes.—Where a trust company in this State entered into a written contract with a resident of Chicago

by which it agreed to act as her trustee, acknowledged that it had possession of her entire estate, and undertook to manage and control the same during her life, agreeing that at her death it would distribute the estate among her heirs under the statutes of descent and distribution in Kentucky, or in the event she left a will the same to be paid to the beneficiaries named in the will, Held, in an action by the trustee for a settlement of the estate and for direction as to the payment of inheritance taxes the lower court properly charged the estate with inheritance taxes.

2. Taxes—Inheritance Taxes.—Under the inheritance tax law all administrators, executors, trustees and the sheriff are made servants of the Commonwealth, and the duty is especially imposed upon them of collecting taxes due upon inheritances.

SAM M. WILSON and HUNT, BULLOCK & HUNT for appellants.

D. GRAY FALCONER for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In September 1911 The Security Trust Company of Lexington entered into a written contract with Mrs. Annie D. Barclay who, according to the contract, was a resident of Chicago, Illinois. By the contract The Trust Company agreed to act as trustee for Mrs. Barclay, and as such trustee acknowledged that it had possession of her entire estate, and undertook to manage and control the same during her lifetime. Until her death it would pay her the net income therefrom, and upon her death it would distribute the same "among the heirs at law of the party of the first part (Mrs. Barclay) under the statute of descent and distribution then in force in Kentucky," or in the event she left a will same to be paid the beneficiaries named in the will, and which will "may be probated as such by the courts of the Commonwealth of Kentucky."

Mrs. Barclay died intestate about a year later, and left an estate of about $28,000 consisting of personalty only. The question presented here is to the application of inheritance tax law provided in article 19 of the Kentucky Statutes. Her only heirs at law are the appellants who are brothers and sisters, and some children who are descendants of two deceased sisters. It is conceded that this class of kindred do not come within the exceptions provided in the inheritance tax law, and if the estate is taxable, then such taxes should be deducted from the estate before distribution.

The trustee brought this action in equity for a settlement of the estate. The only excuse for it, and in fact its avowed purpose is to have the lower court guide and direct it in the payment of inheritance taxes, and to that end makes the sheriff of Fayette county a party defendant, and asks that he be required to assert any claim which the Commonwealth may have against the estate for inheritance taxes. The heirs at law, including appellants, are also made parties defendant. The petition states that Mrs. Barclay died in Kentucky, that it has in possession all of her estate, and the clear inference is that all of it is in Kentucky. It is true the Trust Company "states that said estate in its hands is not liable for any inheritance taxes to the Commonwealth of Kentucky, as it is advised." This is simply a conclusion of the pleader. Subsequently the Trust Company qualified as administrator of the estate, and in that capacity made itself a party to the action, praying for the advice of the court upon the same matter suggested in the original petition. Under the state of facts presented by the record it is immaterial where Mrs. Barclay resided, or was domiciled at the time of her death. The actual situs of her property was in Kentucky, and that fact governs the application of the inheritance tax law. Section 4281a, of the Kentucky Statutes, provides:

"All property which shall pass, by will or by the intestate laws of this State, from any person who may die seized or possessed of the same *while a resident of this State,* or if such decedent was *not a resident of this State* at the time of death, which property, or any part thereof, shall be within this State, * * * shall be and is subject to a tax, &c."

Under the inheritance tax law all administrators, executors, trustees and the sheriff are made servants of the Commonwealth, and the duty is especially imposed upon them of collecting taxes due upon inheritances. There is no right or authority in either one to shift this duty upon the other. The trustee has no right to state a case in general terms, and call upon the sheriff to show affirmatively why the Commonwealth is entitled to the taxes. If the sheriff by lax pleading, or no pleading at all, should fail in the performance of his duty, the trustee or administrator could not be excused of liability for the taxes if, by an incomplete statement of the facts, it secured direction from the court to distribute the estate among the heirs. However, the appellants, heirs at law,

are in no position to complain of the faulty pleadings of either the sheriff, or trustee. These appellants were parties from the beginning, and they never filed any answer, or pleading of any sort, and never asserted any claim for relief, or exemption from the inheritance taxes.

It is insisted that this property does not come to the appellants by the inheritance laws, or by any deed, grant, sale, or gift, made in contemplation of the death of the grantor. It comes to them by the deed above referred to, upon the death of the grantor. If they are not entitled to it by the laws of descent and distribution of this State, then they are not entitled to it at all, for by the very terms of the deed, the Trust Company, upon the death of Mrs. Barclay, is to distribute it, and to only those who are her heirs at law "under the statute of descent and distribution then in force in Kentucky."

In our opinion the lower court properly charged this estate with inheritance taxes, and its judgment is therefore affirmed.