IN RE ESTATE OF SCHUH. BROWN, COUNTY ATTORNEY, RESPONDENT, *v.* HAUCK, ADMR., APPELLANT.

(No. 4,992.)

(Submitted January 8, 1923.   Decided February 3, 1923.)

[212 Pac. 516.]

*Inheritance Taxes—Personal Property—Transfer to Take Effect After Death—Parties—Pleading and Practice—Answer—Frivolous Denial.*

Inheritance Taxes—Trustees—Parties.

1.  In a proceeding to subject an estate to the payment of an inheritance tax on personal property consisting of stocks, bonds, mortgages, *etc.*, transferred by decedent to the beneficiaries under her will, and by them conveyed to a bank as trustee under an agreement whereby the income therefrom should be paid to her during her lifetime and the property distributed to the beneficiaries after her death, the trustee bank was not a necessary party.

Same—When Tax Payable.

2.  Where a transfer of property is not to take effect in possession or enjoyment until after the death of the transferor, whether made in contemplation of death or not, it is subject to the inheritance tax.

Same—Trust Agreement—Construction.

3.  An agreement between decedent and her heirs for the establishment of a trust with relation to her personal property and the one creating the trust, under which the income was to be paid to her during her lifetime, executed contemporaneously and the one dependent upon the other, must be construed together in determining whether the property was subject to an inheritance tax.

Pleading and Practice—Frivolous Denial.

4.  A denial of knowledge or information sufficient to form a belief of the truth or falsity of an allegation of which the pleader has knowledge, either actual or presumptive, or concerning which he can easily obtain knowledge by inspection of public records, is frivolous and raises no issue.

Inheritance Taxes—Executors and Administrators—Answer—Denial—When Frivolous.

5.  *Held*, under the above rule (par. 4) that a denial by an administrator with the will annexed of any knowledge or information sufficient to form a belief concerning an allegation that certain persons were heirs at law and beneficiaries under the will was frivolous.

Same—Payment by Administrator—When Proper.

6.  Where all facts necessary to be shown to subject a transfer of personal property which was not to take effect in possession or enjoyment until the death of the transferor were either admitted or

---

2.  Inheritance or succession tax on conveyance to take effect after grantor's death, see notes in Ann. Cas. 1914D, 1183; 38 L. R. A. (n. s.) 1139; 46 L. R. A. (n. s.) 1176; 51 L. R. A. (n. s.) 232.

proved and the estate had sufficient funds on hand out of which the inheritance tax could be paid, an order that the administrator pay it was proper.

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

Proceedings by Wingfield L. Brown, County Attorney for Granite County, against Lawrence Hauck, administrator with the will annexed, to collect an inheritance tax against the estate of Mary Schuh. Judgment for petitioner and the administrator appeals. Affirmed.

*Mr. D. M. Durfee*, for Appellant, submitted a brief and argued the cause orally.

While there are authorities to the effect that where an annuity is reserved out of a conveyance it will be construed to be made to take effect after death, yet we contend that the weight of authority is to the effect that the mere agreement for an annuity to be paid does not amount to a conveyance that is made *causa mortis*, but, on the contrary, it is a gift *inter vivos* and takes effect immediately on the execution of the deed. (*In re Thorne Estate*, 42 App. Div. 579, 60 N. Y. Supp. 419; *Kelly* v. *Woolsey*, 177 Cal. 325, 170 Pac. 837; *In re Edgerton Estate*, 24 Misc. Rep. 273, 54 N. Y. Supp. 700; *Hulse's Estate*, 15 N. Y. Supp. 770; *In re Hess' Estate*, 110 App. Div. 476, 96 N. Y. Supp. 990.)

In order to show a gift or deed within the statute it has universally been held that there must be an immediate fear or apprehension of death within a very short time. (*State* v. *Thompson*, 154 Wis. 320, Ann. Cas. 1915B, 1084, 46 L. R. A. (n. s.) 790, 142 N. W. 647; *Spreckels* v. *State*, 30 Cal. App. 363, 158 Pac. 549; *In re Spaulding's Estate*, 49 App. Div. 541, 63 N. Y. Supp. 694; Gleason & Otis on Inheritance Taxation, 115, 124.) Now, when did the transfer of the property mentioned in the deed or gift take place? If the transfer was not made in contemplation of death, then in order to make it taxable it must have been intended to take effect after death.

Then there must have been a clear intent to postpone the passing of the title until after death; otherwise the conveyance is complete and the title passes at once. (*Kelly* v. *Woolsey,* 177 Cal. 325, 170 Pac. 837.)

Mr. *Wellington D. Rankin,* Attorney General, and *Mr. Wingfield L. Brown,* for Respondent, submitted a brief; *Mr. L. A. Foot,* Assistant Attorney General, argued the cause orally.

A transfer is subject to the tax although it is absolute on its face, if the transferee by a separate agreement entered into contemporaneously or by previous arrangement binds himself to pay the transferor the income from the property during the transferor's life. (*In re Brandreth,* 169 N. Y. 437, 58 L. R. A. 148, 92 N. E. 563; *Lamb* v. *Morrow,* 140 Iowa, 89, 18 L. R. A. (n. s.) 226, 117 N. W. 1118; *New England Trust Co.* v. *Abbott,* 205 Mass. 279, 137 Am. St. Rep. 437, 91 N. E. 379; *Keeney* v. *New York,* 222 U. S. 525, 38 L. R. A. (n. s.) 1139, 56 L. Ed. 299, 32 Sup. Ct. Rep. 105; *In re Benton,* 234 Ill. 366, 14 Ann. Cas. 107, 18 L. R. A. (n. s.) 458, 84 N. E. 1026; *Crocker* v. *Shaw,* 174 Mass. 266, 54 N. E. 549.)

The right to subject property to an inheritance tax, conveyed or agreed to be conveyed in consideration of the support of its grantor during his life, depends upon whether the property passed in possession and enjoyment as of the date of the conveyance, or whether the conveyance was intended to take effect at or after the grantor's death. If the former, the property is not taxable. If the latter, then the tax attaches. (*People* v. *Burkhalter,* 247 Ill. 600, 139 Am. St. Rep. 351, 93 N. E. 379; *People* v. *Kelley,* 218 Ill. 509, 75 N. E. 1038; *People* v. *Moir,* 207 Ill. 180, 99 Am. St. Rep. 205, 69 N. E. 905; *Douglas County* v. *Kountze,* 84 Neb. 506, 121 N. W. 593; *Lines' Estate,* 155 Pa. St. 378, 26 Atl. 728; *Reish* v. *Commonwealth,* 106 Pa. St. 521; *Appeal of Seibert,* 110 Pa. St. 329, 1 Atl. 346; *Lamb* v. *Morrow,* 140 Iowa, 89, 18 L. R. A. (n. s.) 226, 117 N. W. 1118; *State* v. *Bullen,* 143 Wis. 512,

[66 Mont. 50.]

139 Am. St. Rep. 1114, 128 N. W. 109; affirmed, 240 U. S. 625, 60 L. Ed. 830, 36 Sup. Ct. Rep. 473.)

MR. CHIEF COMMISSIONER LAW prepared the opinion for the court.

On July 2, 1917, Mary Schuh transferred to her sons and daughters, four in number, certain personal property consisting of stocks, bonds, mortgages and certificates of deposits of cash. On the same day (July 2, 1917) the sons and daughters made and executed a trust agreement with the Daly Bank & Trust Company of Butte, Montana, as trustee, whereby they delivered to the trustee all of the property transferred to them by Mary Schuh. On August 22, 1918, Mary Schuh died testate at Phillipsburg, Granite county, Montana, and on October 24, 1918, Albert Schuh, who was named as the executor of the decedent's will, was appointed the executor thereof by the district court for Granite county, and on November 18, he qualified as such executor. He later filed his inventory of the estate of Mary Schuh, and failed to include therein any portion of the property described in the transfer and trust agreements. On December 1, 1919, he filed his final account, omitting any reference to the property described in the transfer and trust agreements.

The county treasurer of Granite county thereupon advised the county attorney of the foregoing facts, and he then commenced an action by filing his petition alleging substantially such facts, and that the transfer of the property from Mary Schuh to her children and the subsequent transfer to the trust company was made in contemplation of death, and intended to take effect in possession or enjoyment in the children after the death of Mary Schuh, and that the trust estate was subject to an inheritance tax, no part of which had been paid. He recited that there was sufficient property belonging to the estate and subject to the debts thereof, located in Granite county, Montana, and within the jurisdiction of the district court, to pay the claims and demand of the state of Montana

for the inheritance tax and accrued interest. Substituted service was made on Emma Nowak, Mary Hutchinson, and Walter Schuh. Albert Schuh, the executor, died on March 6, 1921, and Lawrence Hauck succeeded him as administrator with the will annexed. Hauck, as such administrator, made the only appearance in the case and demurred to the petition. The demurrer was submitted and overruled, and thereupon he answered, admitting the execution of the agreements of transfer and trust, but denying the contention made by the state that the transfer and trust agreements were made by Mary Schuh and her children in contemplation of her death, and denying that it was intended by Mary Schuh and her children that the transfer of the property was intended to take effect in possession or enjoyment after her death. He denied, on information and belief, that there was sufficient property within his possession and the jurisdiction of the court to pay the tax demanded by the state, and denied the value of the estate and trust funds as alleged, and specifically denied that the value of the property included within the transfer and trust agreements exceeded the sum of $45,000. The default of all parties defendant, except Hauck, was duly entered.

The cause came on for trial on July 2, 1921, when counsel for the state moved the court for judgment on the pleadings. The court sustained the motion and thereupon made findings of fact wherein it was found substantially that on the second day of July, 1917, Mary Schuh, deceased, made, executed and delivered to Albert Schuh, Walter Schuh, Emma Nowak and Mary Hutchinson, an agreement in writing whereby she transferred certain personal property which was at the date of the death of Mary Schuh of the value of $45,000, in consideration of which the transferees agreed to pay the grantor during her lifetime an annuity of $2,400, payable semi-annually; that contemporaneously with the making, execution and delivery of the agreement transferring the property to the grantees above named, they mutually made and executed an in-

denture of trust wherein the Daly Bank & Trust Company was made trustee of all of the property described in the agreement of transfer, and that the conditions of the transfer and trust agreements were to take effect as to the children of Mary Schuh upon her death; that after the death of Mary Schuh, the Daly Bank & Trust Company, pursuant to said trust agreement, delivered the trust property to Albert Schuh, Walter Schuh, Emma Nowak, and Mary Hutchinson; that Albert Schuh, Walter Schuh, Emma Nowak and Mary Hutchinson were the beneficiaries under the will of Mary Schuh, deceased, and her heirs at law. Other findings of fact were made, but are not challenged by assignments of error to the district court. The court found as a conclusion of law that the transfer and trust agreements were made by Mary Schuh and her children in contemplation of her death, and that the transfer of the property was intended to take effect in possession and enjoyment to her children after such death, and that there was an inheritance tax due the state of Montana from the estate of Mary Schuh, deceased, and the estate of Albert Schuh, deceased, Walter Schuh, Emma Nowak and Mary Hutchinson, on the value of the said property found by the court to be the sum of $45,000, said tax amounting to the sum of $450, and interest. The court thereupon ordered that judgment be entered in favor of the state of Montana against the estate of Mary Schuh, deceased, the estate of Albert Schuh, deceased, Walter Schuh, Emma Nowak and Mary Hutchinson, for the sum of $586.85, with costs; and further directed that Lawrence Hauck, administrator with the will annexed, of the estate of Mary Schuh, deceased, pay forthwith out of any funds he might have in his hands belonging to said estate, to the treasurer of Granite county, Montana, the inheritance tax so found due the state, with costs, and should he not have sufficient funds in his possession, he proceed to subject the other property of the estate to pay such tax and costs.

Eight errors are assigned, the first of which is that the
[1] demurrer to the petition should have been sustained for
the reason that the Daly Bank & Trust Company as trustee
was not joined as a party. Appellant quotes from section
7724 of the Revised Codes of 1907 of the Inheritance Act,
which provides: " * * * And all administrators, executors
and trustees shall be liable for any and all such taxes until
the same have been paid as hereinafter directed," and con-
tends that the Daly Bank & Trust Company, being a trustee
of the estate, should have been made a party to the petition.

This is a proceeding in probate regulated by statute and is
*in rem.* The object is to subject certain property within the
jurisdiction and under the control of the court to the payment
of a transfer tax alleged to be due to the state. Section 7743
of the Revised Codes of 1907 of the Inheritance Tax Act pro-
vides that: "Whenever the treasurer of any county shall have
reason to believe that any tax is due and unpaid under this
Act, after the refusal or neglect of the persons interested in
the property liable to said tax, to pay the same, he shall
notify the county attorney * * * in writing of such fail-
ure to pay such tax, and the county attorney so notified, if
there is probable cause to believe a tax is due and unpaid,
shall prosecute the proceedings in the district court of the
proper county, as provided in sections 7741 and 7742 of this
Act for the enforcement and collection of such tax."

This proceeding was taken under the provisions of section
7741 above mentioned. This section expressly mentions the
persons who shall be made parties to the proceeding, namely,
"the person known to own any interest or part of the prop-
erty liable to the tax." It cannot be said that the Daly Bank
& Trust Company owned any interest or part of the property
of the estate of Mary Schuh, deceased. Its interest was not of
the proprietary character contemplated by the above-quoted
section of the statute. As trustee its only interest was to hold
the legal title in trust and administer the trust estate accord-
ing to the conditions of the trust agreement until the death of

Mary Schuh, and then deliver over the remainder to certain persons, which it did. Section 7742, Revised Codes of 1907, above referred to, declares the procedure when no action has been taken to administer upon an estate, on which it may be expected that a tax is due and payable, and has no reference to the facts or proceedings as they were had in this case.

We are of the opinion also that the word "trustee," as used in the Inheritance Tax Act, contemplates such trustees as are officers of the court, having in charge property for distribution under the order of the court. This opinion seems confirmed by the provisions of section 7733 of the Inheritance Tax Act, Revised Codes of 1907. This section expressly declares that—"if any executor or administrator or trustee shall fail to perform the duties imposed upon him by this Article the district court upon petition of the county treasurer, or any person interested in said estate may revoke his administration and his bond shall be liable, and the same proceedings shall be had against him as if his administration had been revoked for any other cause." We are, therefore, of the opinion that the Daly Bank & Trust Company was not a necessary party to this proceeding, and that the court committed no error in overruling the demurrer.

Assignments 2, 7 and 8 may be considered together, as they [2] all attack the right of the court to enter judgment against the appellant and the estate of Albert Schuh, deceased, on the pleadings, and the conclusion of the court that the transfer of the property was made by decedent in contemplation of death and intended by all parties to take effect in possession or enjoyment at the death of the grantor. The appellant, so far as the record discloses, has no interest in the estate of Albert Schuh, deceased, which entitles him to appeal from the judgment entered against said estate. The petition sets out in full the transfer and the trust agreements. The answer admits their execution in the form and substance as alleged. No material fact is disputed. The legal effect of the instruments was for the court. In our opinion, on the con-

ceded facts, the transfer was subject to tax. While the court
determined in this case that the transfer was made in contem-
plation of the death of Mary Schuh, and also to take effect
in enjoyment and possession after the death of the grantor,
it should be borne in mind that the transfer is nevertheless
subject to tax, even though not made in contemplation of
death, when it is not to take effect in possession or enjoyment
until the death of the grantor, and it is not necessary to de-
termine in this case whether the court erred in finding that
the agreements were made in contemplation of death. The
liability for tax depends upon the character of the estate
transferred. The terms "enjoyment" and "possession" are
well defined and understood. In respect to time of enjoyment,
an interest in property is either present or future, per-
petual or limited. We are concerned here only with the ques-
tion as to whether there was a present or future interest. A
present interest entitles the owner to the immediate possession
of the property (sec. 6685, Rev. Codes 1921), and a future
interest entitles the owner to the possession at a future period
(sec. 6686). The time when the enjoyment of property is to
begin or end may be made to depend on an event. Section
7724, Revised Codes of 1907, provides: "All property
*   *   * which shall be transferred by deed, grant, sale or
gift made in contemplation of death of the grantor or bar-
gainor, or intended to take effect in possession or enjoyment
after such death to any person or persons, *   *   * shall be
*   *   * subject to a tax," etc.

Under the terms of the agreements of transfer and trust, can
it be said that the children of the grantor had or were entitled
to the immediate possession or enjoyment of the property?
The agreement executed by Mary Schuh, transferring the
property to her children, recited:

"2. Whereas, the said parties of the second part hereto, in
consideration of the gift and transfer to them by the said
party of the first part of the personal property hereinafter
set forth, have executed an agreement of even date herewith,

providing that an annuity of $2,400 per year, payable semi-annually, should be paid to said party of the first part hereto by the Daly Bank & Trust Company of Butte, as trustee, holding such personal property: Now therefore, in consideration of such trust agreement, and in consideration of my love and affection for my children, I hereby give, transfer, assign, and set over unto said parties of the second part [describing the property particularly].''

The trust agreement referred to by the grantor, Mary Schuh, contains this language: ''It is further agreed and understood that the said trustee shall pay to Mary Schuh, the mother of said first parties, each year during her lifetime, the sum of $2,400, payable semiannually on the 1st day of January and the 1st day of July, said annuity to be paid out of the income of said trust fund, if sufficient thereof, after deducting the taxes and assessments on said trust fund, and the fees of said trustee. If the net income of said trust fund is not sufficient to pay said annuity, then said trustee shall use the moneys in said trust fund sufficient to make up the deficit. 3. That upon the death of said Mary Schuh, said trustee shall pay and set over all of said trust fund, including all of the income and increase thereof remaining on hand at the time, to said first parties, share and share alike. In case any of said first parties are dead at the time of the death of Mary Schuh, the share of said deceased party shall go to the issue of said deceased party. If no issue, then the share of said deceased party shall go to the survivor or survivors of said parties herein named. If at the time of the death of said Mary Schuh, said Mary Hutchinson, Emma Nowak, Walter Schuh, and Albert Schuh, are dead, leaving no issue, then said trust fund shall be paid and delivered over to the legal heirs of said Mary Schuh.''

The two agreements relating to the same subject matter, [3] having been executed contemporaneously and the one dependent upon the other, must be construed together as a single instrument. (*Marsh* v. *Dodge,* 66 N. Y. 533; *Draper* v.

*Snow,* 20 N. Y. 331, 75 Am. Dec. 408; *Ewing* v. *Wightman,* 167 N. Y. 107, 60 N. E. 322.) When so construed, we have an agreement between Mary Schuh and her four children, whereby her property should be placed in control of the Daly Bank & Trust Company as trustee until her death, upon the condition that the trust company should pay her (Mary Schuh) $2,400 in semi-annual installments, out of the income, if earned, and if not, the deficiency to be paid out of the principal. Upon her death, the property must be divided equally between her four children; if any are dead, then to their issue; if no issue, to the survivor or survivors; and if there are no survivors, then to her heirs. The property under the conditions of the trust agreement was clearly to be in trust until the death of the grantor. Her children could not severally or collectively sell or otherwise dispose of, use, or in any manner exercise any control over the estate or any portion thereof. They could not demand or receive any portion of the income or principal.

The restrictions as to the use of the estate and the income therefrom during the lifetime of the grantor are utterly incompatible with the right of present possession or enjoyment. The status of the estate as a trust estate was not to be changed during the lifetime of the grantor. Construed in the most favorable light for her children, the estate created by the agreements was a vested future interest, to take effect in possession and enjoyment upon the death of Mary Schuh, defeasible upon the death of the children without issue prior to the death of the grantor. The contention of appellant that title to the property vested in the children upon the execution of the transfer agreement is unimportant here. It was not vested indefeasibly and so far as we are concerned in this case, it matters not whether the title vested indefeasibly or was contingent or subject to be divested. The possession and enjoyment of the estate were not for the children in any event until the death of the grantor. These were reserved for the donor for her full lifetime, and therefore the remainder to her

[66 Mont. 50.]

children falls within the exact provisions of the statute relating to transfers to take effect in possession or enjoyment at
the death of the donor, and was therefore subject to the tax.
(*In re Green,* 153 N. Y. 223, 47 N. E. 292; *In re Keeney Estate,* 222 U. S. 525, 38 L. R. A. (n. s.) 1139, 56 L. Ed. 299,
32 Sup. Ct. Rep. 105; *Barclay* v. *Commonwealth,* 156 Ky.
455, 51 L. R. A. (n. s.) 232, 161 S. W. 510.)

Error is predicated on the finding of the court that Albert
[4, 5] Schuh, deceased, Walter Schuh, Emma Nowak, and
Mary Hutchinson were the heirs at law and beneficiaries under
the will and testament of Mary Schuh, and were entitled to
the residue of the estate. The relationship of mother and
children between Mary Schuh and the defendants was established beyond controversy by the transfer and trust agreements, the execution of which was admitted by all parties.
Albert Schuh, one of the children, administered upon the estate and filed his final account. After the petition in this
matter was filed, he died, and Lawrence Hauck was appointed
to complete the administration of the estate. In his answer
to the petition he denied "that he had any knowledge or information sufficient to form a belief concerning the allegations
of the petition that the defendants were heirs at law and
beneficiaries named in the will of Mary Schuh." The general rule seems to be that a denial by reason of insufficient information upon which to form a belief as to the truth or falsity of the matters alleged by plaintiff or petitioner, of which
defendant has knowledge actually or presumptively, or concerning which he could easily obtain the requisite knowledge,
will be treated as an evasion and will raise no issue, the allegations thus denied being for all intents and purposes deemed
to be admitted. (Ann. Cas. 1912C, 150, note.) This court,
in *McEwen* v. *Union Bank & Trust Co.,* 35 Mont. 470, 90
Pac. 359, said: "It seems to us frivolous to deny any knowledge or information sufficient to form a belief as to the existence of public records." And again in *First Nat. Bank of
Butte* v. *Silver,* 45 Mont. 231, 122 Pac. 584, it was said:

"While it may well be said that the denial of information as to whether plaintiff presented its claim and had same allowed, and the further denial upon information and belief that an administratrix had been appointed for Eakins' Estate are frivolous since these facts can be ascertained from public . records.''

The defendant, in his official capacity as administrator with the will annexed, had succeeded to the administration of the estate of Mary Schuh. He had access to all the proceedings of his predecessor; he knew the mutually acknowledged relationship of mother and children between deceased and defendants. The will, a copy of which he had, had been admitted to probate and was a matter of public record and likewise the proceedings of his predecessor in the administration of the estate. With the public records concerning the will and administration of the estate available and the mutually acknowledged relationship between the deceased and her children, we believe that he had in his possession information which would have enabled him to admit or deny allegations of the petition, and that the court was justified in disregarding the denial as being frivolous and raising no issue as to the matters so attempted to be denied. The foregoing question has been discussed and decided upon the theory presented by the appellant, and we do not wish to be understood as holding that the question as to whether the defendants are heirs at law and beneficiaries under the will is a material one in this case. Such question has not been presented for decision.

Finally, it is contended that the court erred in ordering [6] the administrator to pay the entire tax out of the proceeds of the estate of Mary Schuh, in the hands of the administrator. We have concluded that the grant of property by Mary Schuh to her children was not to take effect in possession or enjoyment until the death of the grantor, and therefore the grant or transfer was subject to tax; that the defendants are the heirs at law and beneficiaries under the will of the deceased, and as such are entitled to the residue of

the estate now in the possession of the administrator. No error is assigned to the findings of the court as to the value of the estate or the amount of the tax levied, or the finding that the estate has sufficient funds on hand out of which the tax levied can be paid. With these conclusions and admitted facts before us, did the court err in ordering the administrator to pay the tax? Section 7727 of the Revised Codes of 1907 provides that all taxes imposed by the Inheritance Tax Act, unless in the Act otherwise provided, shall be due and payable at the death of the decedent. If the executor or administrator does not pay such tax within ten months from the death of the decedent, he must give proper bond to insure its payment. By the provisions of section 7724 of the Revised Codes of 1907, the executor or administrator is required to pay the tax out of the estate of the decedent when a grant or gift has been made during the lifetime of the decedent, and intended to take effect in possession or enjoyment to any person or persons in trust or otherwise after the death of the grantor. It was unquestionably the intention of the legislature to make the estate of a decedent primarily liable for the inheritance tax and to require the administrator or executor or the trustee, as the case may be, to pay the same, even to the degree of personal liability, should he by carelessness permit the estate to pass out of his hands without payment, and we are not without authority for this position. In *State ex rel. Floyd* v. *District Court,* 41 Mont. 357, 109 Pac. 438, this court said: ''Payment of the tax is in nowise dependent upon the distribution of the estate, nor upon the amount of specific legacies or distributive shares. It is due and payable upon the value of the estate, at the death of the decedent, and, though the executor or administrator is granted some indulgence as to the time within which payment must be made, if he delays beyond the time fixed, the estate must pay interest for the delay and he must give bond for the payment with personal security.''

On the record before us we can see no error in the action of the court directing the administrator to retain and pay the full amount of the tax.

We therefore recommend that the judgment appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*